IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerald Denton Gaskins, Jr., #362923, ) | C/A No. 8:15-4456-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| State of South Carolina; Perry Correctional ) | |
| Institution; Warden Larry Cartledge; Associate ) | |
| Warden Claytor, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Jerald Denton Gaskins, Jr. ("Plaintiff"), proceeding pro se, brings this civil action apparently pursuant to 42 U.S.C. § 1983. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Perry Correctional Institution ("Perry"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges a dangerous condition exists on the premises of Perry in front of C dorm. [Doc. 1.] He alleges there is a sheet of metal on the ground that is slippery when wet, and Defendants need to place a caution sign there. [*Id.*]

He alleges the following facts related to his fall. On September 29, 2015, Lt. Madden and Sgt. Wal-Drop escorted him in belly chains and hand cuffs from SMU D dorm to dental. [*Id.*] It was very wet outside, and it had rained for several days. [*Id.*] After being treated at dental, they walked outside heading back to D dorm. [*Id.*] Plaintiff walked across the sheet of metal wearing his "croc" shoes, and his shoes slipped which caused him to fall.

[*Id.*] Plaintiff injured his left knee and back. [*Id.*] He is scheduled to have an X-ray on his left knee. [*Id.*]

Plaintiff learned that two other people have been injured as a result of the sheet of metal—one is the Perry nurse. [*Id.*] Sgt. Wal-Drop and Lt. Madden told Plaintiff that they would be his witnesses that he was injured on Perry's grounds. [*Id.*] Lt. Madden filed an injury report. [*Id.*]

Plaintiff has requested to speak with the Warden and Associate Warden by sending requests to staff, but neither person has responded. [*Id.*]

For his relief, Plaintiff seeks damages for pain and suffering "due to the persons neglect." [*Id.*] Also, he seeks this Court to order "the state to order Perry to fix the sheet metal so that no one else is hurt." [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed apparently pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501

3

(2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Plaintiff fails to allege a plausible claim because he fails to allege a violation of the United States Constitution or federal law. His claim seems to be based upon alleged negligence—a slip and fall case. Liberally construed, he alleges that Defendants have been negligent by placing the sheet metal in that location outside, and/or by failing to move the sheet metal during rainy days, and/or by failing to place a caution sign to warn individuals walking nearby. Even viewing the facts in Plaintiff's favor, his allegation that two other individuals have been injured on the sheet of metal is not a plausible allegation of deliberate indifference to inmate safety. *See Germain v. Shearin*, 531 F. App'x 392, 397 (4th Cir. 2013) (determining no deliberate indifference to deficient prison conditions when

4

the plaintiff did not produce evidence that the named defendants were notified about the infestation, or inoperable toilet in his cell, or the alleged resulting headaches). For example, he does not allege that Defendants were specifically notified prior to his accident that the sheet metal was a dangerous condition because others had slipped on it. *See Samuel v. Nolland*, C/A No. 2:11-3417-BHH, 2013 WL 360263, at *3 (D.S.C. Jan. 9, 2013) (explaining that courts have routinely held that prison slip and fall cases do not implicate the Constitution; those cases articulate state law tort claims), *adopted by* 2013 WL 361083 (D.S.C. Jan. 30, 2013).

It is well settled that negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient). Therefore, Plaintiff's allegations—which this Court finds allege, at most, a lack of due care—fail to a § 1983 claim on which relief may be granted.

Even if Plaintiff has alleged a plausible deliberate indifference to safety claim, this action should be dismissed without prejudice because it is clear on the face of the Complaint that Plaintiff has not exhausted his prison administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Moore v. Bennette*, 517 F.3d 717, 725-26 (4th Cir. 2008) (noting that in rare cases a court may be able to determine from the face of a complaint that a prisoner has not exhausted administrative remedies and is without a valid excuse); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate).

Here, Plaintiff merely submitted a "request to staff" to notify the Warden and Assistant Warden that he was injured on the sheet metal on September 29, 2015, and he

has not yet received an answer. [Doc. 1.] Plaintiff signed the Complaint on October 13, 2015. [*Id.*] Plaintiff, however, does not allege that he filed a Step 1 grievance or a Step 2 appeal. Thus, it is apparent that Plaintiff did not give the prison administrators a chance to resolve the matter. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006) (proper exhaustion of administrative remedies is necessary). Accordingly, this case is a rare circumstance where based on the face of the Complaint the action should be summarily dismissed without prejudice for failure to exhaust administrative remedies.

Finally, to the extent Plaintiff may seek to bring a state law tort claim against South Carolina and an employee at Perry based on their lack of due care, he may attempt to bring a claim under the South Carolina Tort Claims Act. However, such a claim is not permitted in this federal court because of the Eleventh Amendment. It grants the State of South Carolina, and its agents and instrumentalities, immunity from suit in this federal Court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State); *cf. Johnson v. Ozmint*, 456 F.Supp.2d 688, 697 (D.S.C. 2006) (in a removed case, the defendant SCDC

agreed that the federal court had supplemental jurisdiction over the S.C. Tort Claims Act claim). Accordingly, this action should also be dismissed based upon Eleventh Amendment immunity.

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

January 8, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).