IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jerald Denton Gaskins Jr., #362923,          ) | |
| )                                         | Civil Action No. 8:15-cv-04456-JMC |
| Plaintiff,         ) | |
| ) | |
| v.                                        ) | **ORDER AND OPINION** |
| ) | |
| State of South Carolina; Perry Correctional, ) | |
| Institution; Warden Larry Cartledge;       ) | |
| Associate Warden Claytor,                  ) | |
| ) | |
| Defendants.        ) | |
| _____) | |

Plaintiff Jerald Denton Gaskins, Jr. ("Plaintiff"), filed this pro se action *in forma pauperis* pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 23), filed on January 8, 2016, recommending Plaintiff's action (ECF No. 1) be dismissed without prejudice and without issuance and service of process. For the reasons below, the court **ADOPTS** the findings of the Magistrate Judge's Report (ECF No. 23) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 2015, Plaintiff filed a Complaint claiming that a sheet of metal on the premises of Perry Correctional Institution ("PCI") created a dangerous condition when wet, which caused Plaintiff's injuries after a slip and fall. (ECF No. 23 at 1-2.) Plaintiff sought damages for pain and suffering and asked the court to order PCI to fix the metal. (*Id.* at 2.) After the Magistrate Judge filed the Report recommending this court dismiss the action without prejudice and without issuance and service of process (ECF No. 23), Plaintiff timely filed Objections on January 25, 2016. (ECF No. 25.)

1

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

The Magistrate Judge recommends the Complaint be dismissed because Plaintiff has not exhausted the required administrative remedies prior to filing a lawsuit. (ECF No. 23 at 5 (citing 42 U.S.C. § 1997(e)(a)).)

In his first Objection, Plaintiff asserts that a request to staff ("Request") was filed in lieu of a Step 1 grievance or Step 2 appeal because the proper paperwork was not supplied to him. (ECF No. 25.) As a result, Plaintiff claims every available action was exhausted. (*Id.*)

To exhaust the administrative remedies requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Additionally, the Supreme Court held that "the [Prison Litigation Rights Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 516 (2002); *Booth v. Churner*, 532 U.S 731, 731-32(2001).

This court agrees with the Magistrate Judge's assessment that prison administrators were denied an opportunity to resolve the matter when Plaintiff filed the Complaint before receiving an answer to the Request. (ECF No. 23 at 7.) Therefore, Plaintiff's claims are subject to summary dismissal because he failed to exhaust the administrative remedies available at PCI. *See e.g.*, *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005).

**B. Cruel and Unusual Punishment**

The Magistrate Judge also recommends the Complaint be dismissed because the Eleventh Amendment grants the State of South Carolina immunity from a state law tort claim in federal court unless a State expressly consents. (ECF No. 23 at 7 (citing S.C. Code Ann. § 15-78-20(e) (1976); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).) In this regard, the Magistrate Judge observes that the State of South Carolina has not consented to the suit. (ECF No. 23 at 7.) This court agrees with the Magistrate Judge's recommendation to dismiss based upon Eleventh Amendment immunity. (*Id.*)

Plaintiff's Objection (ECF No. 25) states verbatim:

The courts also stated that my slip and fall was due to my neglect. I object to that. I was being lead by Sgt. Wal-drop on a dog chain with belley [sic] and short leg chains. There is no way an inmate can control were [sic] he is led to. I hope the courts can reconsider the claim under the 8th Amendment Act of crul [sic] punishment.

The use of excessive force upon an inmate by correctional officers violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992). To state an excessive force claim, an inmate must show: (1) that the correctional officers acted with a sufficiently culpable state of mind and (2) that the harm inflicted on the

3

inmate was sufficiently serious. *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996).

The subjective component requires an inmate to demonstrate the officer used force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson,* 503 U.S. at 6–7. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Wilson v. Seiter,* 501 U.S. 294, 299 (1991).

The objective component of an excessive force claim is not nearly as demanding to establish because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Hudson,* 503 U.S. at 9. However, not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Wilkins v. Gaddy,* 559 U.S. 34, 37–38 (2010).

Plaintiff offers no evidence regarding the state of mind of the correctional officer. Plaintiff's Objection that an inmate cannot control his movement is insufficient evidence to establish that a correctional officer intended to maliciously and sadistically cause him harm. Additionally, while Plaintiff suffered injuries to his left knee and back, the only evidence of the severity of the injuries is a scheduled appointment for an x-ray. (ECF No. 1.) Upon review of the Record, Plaintiff does not satisfy the necessary requirements to bring an action of cruel and unusual punishment in violation of the Eighth Amendment.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report (ECF No. 23), this court **ADOPTS** the findings of the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 10, 2016
Columbia, South Carolina